J-A05024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TYRONE PEELE | : | |
| Appellant | : | No. 898 EDA 2020 |

Appeal from the PCRA Order Entered February 5, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013145-2011

BEFORE:   OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED:  MAY 3, 2021**

Appellant Tyrone Peele appeals *pro se* from the order dismissing his first Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant alleges that his sentence was illegal, and that trial counsel was ineffective.  We affirm.

Following a jury trial, Appellant was convicted of simple assault and intimidation of a witness.[2]  On December 4, 2012, the trial court sentenced Appellant to eleven to twenty-two years' imprisonment.  This Court affirmed Appellant's judgment of sentence on August 19, 2013.  Appellant did not file a petition for allowance of appeal in our Supreme Court.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2701(a)(1), 4952(a)(1).

On July 11, 2016, Appellant filed a *pro se* writ of *habeas corpus*, alleging that his sentence was illegal. The PCRA court treated the filing as a PCRA petition and appointed counsel. Appellant then filed a motion to proceed *pro se*. The PCRA court held a **Grazier**[3] hearing and granted Appellant's motion to proceed *pro se*. Appellant filed an amended petition, and the Commonwealth filed a response.

The PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. The Rule 907 notice observed that Appellant's petition was untimely filed and did not invoke a valid exception to the PCRA's time bar. Appellant filed a response to the Rule 907 notice, but did not raise a statutory timeliness exception.

On February 5, 2020, the PCRA court ultimately dismissed Appellant's petition, and Appellant filed a timely notice of appeal on March 3, 2020. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. Appellant complied with the PCRA court's order and filed a Pa.R.A.P. 1925(b) statement.[4]

On appeal, Appellant's *pro se* brief consists of several convoluted arguments. However, it appears that Appellant alleges that his sentence was illegal and that his trial counsel was ineffective. **See** Appellant's Brief at 15,

---

[3] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[4] Appellant filed his Rule 1925(b) statement along with his notice of appeal. Because Appellant did so as a *pro se* litigant, we conclude that Appellant largely complied with the PCRA court's order to file a Rule 1925(b) statement.

20. For example, Appellant argues that his sentence exceeded the statutory maximum. *See id.* at 20. Appellant further claims that trial counsel was ineffective for failing to object to evidence of his parole status and advising him not to testify. *See id.* at 15.

At the outset, we note that Appellant refers to his petition and supplemental filings as writs of *habeas corpus*. Our Supreme Court has held that the PCRA statute subsumes the writ of *habeas corpus*. *See Commonwealth v. Fahy*, 737 A.2d 214, 223-24 (Pa. 1999). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (citations omitted). A challenge to the legality of the sentence is cognizable under the PCRA. *See Commonwealth v. Jones*, 932 A.2d 179, 182-83 (Pa. Super. 2007); 42 Pa.C.S. § 9543(a)(2)(vii). Similarly, a claim of ineffective assistance of counsel is also cognizable under the PCRA. *See Commonwealth v. Turner*, 80 A.3d 754, 770 (Pa. 2013); 42 Pa.C.S. § 9543(a)(2)(ii). Therefore, we conclude that the PCRA court properly construed Appellant's *habeas* petition under the framework of the PCRA.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted and formatting altered).

Before we may review the merits of Appellant's arguments, we must first consider the timeliness of his PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). The PCRA's timeliness requirements are jurisdictional; we may not address the merits of issues raised in untimely petitions. *See id.*

"A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within sixty days of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2).[5] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered).

Here, this Court affirmed Appellant's judgment of sentence on August 19, 2013, and Appellant did not file a petition for allowance of appeal with our Supreme Court. Accordingly, his judgment of sentence became final on September 18, 2013, when the thirty-day time period for filing a petition for allowance of appeal with our Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); *see also* Pa.R.A.P. 1113(a). Therefore, he had until September 18, 2014, to timely file his PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1); *see also Jones*, 54 A.3d at 16. Appellant filed the instant petition on July 11, 2016, and did not attempt to plead or prove any of the timeliness exceptions. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Accordingly, we agree with the PCRA

---

[5] On October 24, 2018, the General Assembly amended section 9545(b)(2) in order to extend the time for invoking a timeliness exception from sixty days to one-year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. However, this amendment applies only to claims arising one-year before the effective date of this section, *i.e.*, December 24, 2017, or thereafter. Appellant filed his PCRA petition on July 11, 2016. Therefore, the amendment is inapplicable to Appellant's claim.

court that it lacked jurisdiction to address the merits of Appellant's facially untimely petition. **See Presley**, 193 A.3d at 442.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/21